UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ANDROMEDA REAL ESTATE PARTNERS, LLC<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) | C. A. No. 15-224-M-LDA |

## ORDER

The cross-motions for summary judgment arise from a state court suit filed by the prior owner of a property in Smithfield, Rhode Island challenging Andromeda Real Estate Partners, LLC's title to the property after purchasing it at a foreclosure sale. Andromeda filed this suit against Commonwealth Land Title Insurance Company, seeking a declaration that it should have defended Andromeda in the state court suit under the Commonwealth title policy. Because this Court finds that the allegations in the underlying lawsuit taken as a whole are a covered risk under the title insurance policy, and that the insured landowner was entitled to conflict-free representation, Andromeda's Motion for Partial Summary Judgment (ECF No. 9) is GRANTED and Commonwealth's Motion for Partial Summary Judgment (ECF No. 13) is DENIED.

## I.    FACTS

Mill River Lending Trust, a lender and mortgagee, conducted a foreclosure sale on an undeveloped piece of land in Smithfield, Rhode Island. Andromeda, a real estate developer, purchased the property at the foreclosure sale for $152,000. The property had previously been owned by mortgagors Sedona Associates, LLC, Patrick T. Conley and his wife Gail Cahalan-Conley (hereinafter collectively "Sedona"). A month later, Andromeda closed on the sale with

1

Mill River. On the same day as the closing, Andromeda purchased a title insurance policy from Commonwealth. The policy covered defects in the title, claims that title was vested in a party other than Andromeda, and challenges to marketable title.

The same day that Commonwealth issued the policy, Sedona filed a lawsuit in state court against Mill River challenging the validity of the foreclosure sale ("Sedona Action"). Sedona added Andromeda as a party because the lawsuit would affect its title. The Sedona Action complaint contained four claims, alleging that: (1) the foreclosure sale to Andromeda was invalid; (2) Andromeda and Mill River conspired to keep the purchase price unreasonably low; (3) Mill River breached its fiduciary duty by failing to follow proper foreclosure procedures in selling the property to Andromeda; and (4) Andromeda's deed was invalid.

Andromeda timely notified Commonwealth of the Sedona Action and made a claim for defense and coverage. The parties, through counsel, exchanged a series of letters about whether these claims fell within the policy's coverage. Eventually, Commonwealth informed Andromeda that it was unwilling to defend counts one through three because it claimed they were not covered by the policy. At one point, after some back and forth, Commonwealth offered "as a courtesy" to defend all four of the counts, but in doing so they affirmatively stated that no coverage existed whatsoever for claims one through three, and if any losses or damages resulted as a result of those claims, they were not going to be responsible.

Andromeda retained and employed independent counsel to defend itself in the Sedona Action because of Commonwealth's refusal to defend it against and/or cover all claims. The Sedona Action was eventually resolved and all claims against Andromeda were dismissed with prejudice. Andromeda has now sued Commonwealth for breach of its duty to defend and failure to pay for independent counsel.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. *Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011). But the non-moving party "must point to 'competent evidence' and 'specific facts' to stave off summary judgment." *Id.* Determination of Commonwealth's duties under the policy is a question of law ripe for adjudication at summary judgment. *O'Connor v. McKanna*, 359 A.2d 350, 353 (R.I. 1976) ("where a contract is clear and unambiguous, the meaning of its terms constitutes a question of law for the court"); *Amica Mut. Ins. Co. v. Streicker*, 583 A.2d 550, 551 (R.I. 1990) ("when the terms of an insurance policy are found to be clear and unambiguous, judicial construction is at an end. The contract terms must be applied as written and the parties bound by them."). Courts often resolve issues regarding duty to defend and duties to indemnify at summary judgment. *See e.g., Bank of Rhode Island v. Progressive Cas. Ins. Co.*, 19 F. Supp. 3d 378, 384-5 (D.R.I. 2014) (duty to indemnify).

## III. LAW

### A. Duty to Defend

The duty to defend an insured is generally determined by applying the pleadings test. *American Commerce Ins. Co. v. Porto*, 811 A.2d 1185, 1191 (R.I. 2002). That test limits this Court's review to the factual allegations contained in the underlying state court complaint. *Id.* Moreover, in Rhode Island, the duty to defend is broader than a duty to indemnify. *Employers' Fire Ins. Co. v. Beals*, 240 A.2d 397, 403 (R.I. 1968).

The duty to defend "is ascertained by laying the tort complaint alongside the policy; if the allegations in the complaint fall within the risk insured against in the policy, the insurer is ... duty-bound to provide a defense for the insured...." *Id.* at 402. Generally, "a duty to defend arises when the complaint in the underlying tort action contains facts sufficient to bring the case within or potentially within the coverage of the policy, regardless of whether the plaintiffs in the tort action will prevail on the merits." *Hingham Mut. Fire Ins. Co. v. Heroux*, 549 A.2d 265, 266 (R.I. 1988). "[A]ny doubts as to the adequacy of the pleadings to encompass an occurrence within the scope of the policy must be resolved in the insured's favor." *Allstate Ins. Co. v. Russo*, 641 A.2d 1304, 1306 (R.I. 1994). In reviewing policy language, a court views a policy in its entirety giving terms their "plain, ordinary and usual meaning." *Id.* If the terms of the policy are subject to more than one reasonable interpretation, the policy will be construed in favor of the insured. *Porto*, 811 A.2d at 1192.

Turning to the Sedona Action's complaint, Sedona alleges that the foreclosure sale was invalid, that Andromeda and Mill River conspired to purchase the property at the foreclosure sale at a low price, that Mill River failed to follow foreclosure procedures in selling the property to Andromeda, and that Andromeda's deed was invalid. The Court finds that the entire complaint relates to an alleged defective foreclosure sale and a defect in the deed. All four counts are intimately intertwined with whether Andromeda received good title, a covered occurrence under the policy. The facts and allegations in all four counts of the Sedona Action complaint "contain[] facts sufficient to bring the case within or potentially within the coverage of the policy." *Heroux*,

4

549 A.2d at 266.  Therefore, because all the claims in the state court action are within the risk covered under the policy, Commonwealth was obligated to defend the action.[1]

### B. Independent Counsel

Andromeda also argues that, because Commonwealth's position that the allegations in the Sedona Action are excluded under the policy created a conflict of interest, Commonwealth should have stepped aside and allowed Andromeda to select its own independent counsel with Commonwealth footing the bill.  The Court agrees.  The Rhode Island Supreme Court has held that, in order to maintain the public trust in the judicial process, "an insured . . . has a legitimate right to refuse to accept the offer of a defense counsel appointed by the insurance company . . . [and] . . . the insurer's desire to control the defense must yield to its obligation to defend its policy holder."  *Beals*, 240 A.2d at 403.  Because certain of the allegations in the Sedona Action, such as those relating to a conspiracy, if proven, could have triggered a policy coverage exclusion for intentional conduct, the Court finds that there was an inherent conflict here and Commonwealth was obligated to pay for non-conflicted representation of Andromeda's choosing.

## IV.   CONCLUSION

The Court GRANTS Andromeda's Motion for Partial Summary Judgment (as to Commonwealth's duty to defend on all counts in the state court action) (ECF No. 9) and DENIES Commonwealth's Motion for Partial Summary Judgment.  (ECF No. 13).  The Court finds as a

---

[1] There is a second rationale for the Court's ruling.  Although the Rhode Island Supreme Court has not specifically ruled on this issue, the Court agrees with the holding of *Nortek v. Liberty Mut. Ins. Co.*, 858 F. Supp. 1231 (D.R.I. 1994) that an insurer with a duty to defend one claim in an action has a duty to defend all related claims in that action ("if any *one* of the acts alleged in the [] Complaint could possibly be covered under the Policy, then [the insurer] had 'an unequivocal duty to defend' [the insured] against *all* of the claims.").  *Id.* at 1236.  Therefore, because Commonwealth initially agreed that it was obligated to defend against count four of the Sedona Action complaint, it was required to defend Andromeda against the entire action, including the three related claims.

matter of fact and law that Commonwealth had an obligation to defend Andromeda on all counts in the Sedona Action and that it has a duty to pay the reasonable legal fees and expenses of Andromeda's independent attorneys in that action.


IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

Date:  February 19, 2016